# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## THE BANK OF NEW YORK MELLON v. LITTLETON PRICE

### Appeal from the Circuit Court for Shelby County
### No. CT00085614    Robert L. Childers, Judge

_____

### No. W2015-00327-COA-R3-CV – Filed October 7, 2015
_____

Because the order appealed is not a final judgment, this Court lacks subject matter jurisdiction. Therefore, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., BRANDON O. GIBSON, J. AND KENNY ARMSTRONG, J.

Littleton Price, Memphis, Tennessee, Pro se.

Gerald Morgan and James Skipper Ray, Brentwood, Tennessee, for the appellee, Bank of New York Mellon.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the claims for damages for unlawful detainer, interest and attorneys' fees as set forth in the "Complaint In Forcible Entry and Detainer" filed in the trial court on February 26, 2014.

Thus, by Order entered on July 24, 2015, the Court directed Appellant Littleton Price to either obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment within fifteen (15) days from the entry of that Order. On August 11, 2015, Appellant filed a motion requesting an extension of time to comply with our Order of July 24, 2015. By Order entered on August 14, 2015, the Court granted the motion and permitted Appellant to comply with our Order of July 24, 2015, on or before Monday, August 31, 2015.

Then, on August 31, 2015, Appellant filed a motion requesting a further extension of time to comply with our Order of July 24, 2015. The Court granted the motion and by Order entered on September 1, 2015, directed that Appellant would be permitted to comply with our Order of July 24, 2015, on or before Friday, September 18, 2015.

On September 23, 2015, the Clerk of this Court received a notice from the trial court clerk stating that no further orders had been entered in the trial court. As of this date, there is nothing before the Court indicating that Appellant complied with our Order of July 24, 2015.

Clearly, the order appealed is not a final judgment and therefore, this Court does not have subject matter jurisdiction to hear this appeal. Consequently, this appeal must be dismissed.

### Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case is remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Littleton Price, for which execution may issue if necessary.

**PER CURIAM**